UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN CHADWICK, | ) |
|         Petitioner, | ) |
| v. | )   No. 1:17-cv-03569-WTL-DML |
| STATE OF INDIANA, et al. | ) |
|         Respondents. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, petitioner Dustin Chadwick's petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I.
Background**

The petitioner is a state prisoner currently on parole in the Indianapolis parole district. As relevant here, the petitioner was found guilty of Class C felony child molesting in Marion Superior Court, Case No. 49G03-0501-PC-004855. *See Chadwick v. State*, 862 N.E.2d 726, 2007 WL 686675, *1 (Ind. Ct. App. 2007). The Indiana Court of Appeals affirmed his conviction on March 8, 2007, and the petitioner did not file a petition to transfer with the Indiana Supreme Court.[1]

The petitioner filed a petition for post-conviction relief in state court on April 29, 2008. He moved to withdraw his petition without prejudice, and that motion was granted on July 8, 2010.

---

[1] The respondent did not submit the correct Indiana Court of Appeals docket with its return. *See* Dkt. No. 11-3. But the Court was able to take judicial notice of the correct docket by accessing the petitioner's Indiana Court of Appeals docket.

The petitioner renewed his petition for post-conviction relief in state court on March 8, 2016. That action remains pending.

The petitioner filed the instant petition for a writ of habeas corpus in this Court on October 5, 2017.

## II.
## Discussion

The petitioner raises four challenges to his state-court conviction. The respondent argues that the petitioner's petition must be denied as untimely. The Court agrees with the respondent that the petitioner's petition is untimely, and thus his petition for a writ of habeas corpus must be dismissed with prejudice.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The petitioner's convictions were affirmed on direct appeal on March 8, 2007. Because he did not file a petition to transfer with the Indiana Supreme Court, his judgment became final on the deadline to file a petition to transfer, which was April 9, 2007. *See Gonzalez*, 565 U.S. at 137.

Therefore, the petitioner had through April 9, 2008, to seek federal habeas relief or to file for post-conviction relief in state court, the latter of which, while pending, does not count "toward [the] period of limitation." 28 U.S.C. § 2244(d)(2); *see Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir. 2014). The petitioner did neither. He did not file his petition for post-conviction relief in state court until April 29, 2008, which was twenty days beyond when the one-year limitations period from § 2244(d)(1)(A) had expired. The fact that he eventually re-filed for state post-conviction relief is irrelevant; a pending state-court collateral challenge only pauses the clock, and the petitioner's clock had already expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007).

In sum, the petitioner's one-year statute of limitations ran on April 9, 2008. He did not file the instant petition for habeas corpus until October 5, 2017. Although the period of time during which his second state post-conviction petition was pending would be excludable, his statute of limitations expired before this proceeding paused the clock. Moreover, the petitioner does not contend that he is entitled to equitable tolling on any basis, and he did not file a reply brief disputing the respondent's contention that his petition was time-barred. Therefore, the petitioner's petition for a writ of habeas corpus must be dismissed with prejudice. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III.
### Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/11/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DUSTIN CHADWICK
1225 N. Grant Ave.
Indianapolis, IN 46201

James Blaine Martin
INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov